# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00684-CV

**Ticole Taylor, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 230,270-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Ticole Taylor appealed the order terminating her parental rights. She asserted in her motion for new trial and her statement of points on appeal that the judgment was not supported by legally or factually sufficient evidence. The trial court found her indigent, but found that her appeal was frivolous, and declined to order preparation of a reporter's record without cost. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (West 2002); Tex. Fam. Code Ann. § 263.405 (West 2008). Based on a review of documents in the clerk's record, this Court affirmed the finding that her appeal was frivolous, and let the appeal proceed to the merits. Taylor did not pay for preparation of a reporter's record and failed to file a brief. We abated this appeal and remanded for a hearing before the trial court to determine whether Taylor desired to pursue this appeal.

Taylor did not appear at the hearing. Her trial counsel—who filed the motion for new trial, the statement of points on appeal, and the appellate docketing statement—appeared and

confirmed with the trial court that, when the trial court found Taylor's appeal frivolous, the trial court did not appoint him or anyone to represent Taylor on appeal. Counsel stated that nevertheless, before the November 2010 hearing on whether Taylor wanted to pursue the appeal, he contacted Taylor through information from her parole officer. Counsel stated that he mailed Taylor a letter at the address provided which informed her of the hearing date, place, and time, and stated plainly, "If you want to appeal your case you must be in court on the above date." Counsel stated that Taylor called him a "couple of different times" at which time he explained to her the importance of appearing at the hearing. Counsel told the trial court that, at first, Taylor said she was not going to appear but later said she planned to come to the hearing. The trial court then found that Taylor had abandoned the appeal.

From the record before us, we conclude that Taylor has abandoned this appeal. She has not filed a brief or otherwise contacted this Court concerning her appeal, which has been pending since December 3, 2009. There is no indication that she contacted the trial court regarding pursuing her appeal. She did not appear at the trial court hearing set to determine whether she desired to pursue the appeal despite being told by her former counsel that she must do so in order to appeal.

We dismiss this appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b).

_____

Diane Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Prosecution

Filed:  December 17, 2010

2